IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY WEISS  :
1083 Paladin Place  :
Sewell, NJ 08080  :
      Plaintiff  :
  :
v.  :
  :
RELIANCE STANDARD LIFE  :
INSURANCE COMPANY,  :
2001 Market Street, #1500  :
Philadelphia, PA 19103  :
      Defendant  :  NO.:

## COMPLAINT

NOW COMES, the Plaintiff, Gary Weiss, by and through his Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, Reliance Standard Life Insurance Company, (hereinafter referred to as "Reliance"), as follows:

**I.   STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

2. All acts and occurrences material to the instant causes of action occurred within the jurisdictional boundaries of this Honorable Court as Reliance sent the

denial of benefits from a Philadelphia Post Office Box to and the Plaintiff received the denial at 2005 Market St, Philadelphia, PA.

**II.    FACTS:**

3. The Plaintiff, Gary Weiss, is an adult and competent individual with a physical address of 1083 Paladin Place, Sewell, NJ 08080.

4. The Defendant, Reliance, under information and belief, is a business entity with a principal place of business located at 2001 Market Street #1500, Philadelphia, PA 19103.

5. Reliance is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Reliance, issued a policy providing disability insurance benefits under policy number LTD 106303 to the Plaintiff through the Plaintiff's employer, Virtua Health.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

10.  At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Reliance to the Plaintiff's employer through policy number LTD 106303.

11.  On a date certain, the Plaintiff filed an application for long term disability benefits with Reliance and benefits were paid from February 11, 2019 until August 10, 2021 when the definition of disability changed to whether the Claimant could perform any occupation.

12.  By correspondence, Reliance notified the Plaintiff that his claim was denied as they found that he was capable of performing other occupations.

13.  The Plaintiff retained counsel and filed an administrative appeal of the denial and submitted additional medical records and opinions of his treating physician in support of his claim.

16.  By correspondence dated December 7, 2021, Reliance denied the Plaintiff's administrative appeal and informed him of his right to bring a civil action disputing the adverse benefit decision.

17.  Reliance acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

18.  The actions of Reliance in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

19. The actions of Reliance in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

20. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

21. The Plaintiff is entitled to recover the benefits due to him under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

22. As a direct and proximate result of the actions of Reliance as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

24. As a direct and proximate result of the actions of Reliance, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from August 10, 2021 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Gary Weiss, respectfully requests that judgment be entered against Reliance as follows:

1. Ordering Reliance to pay to the Plaintiff, Gary Weiss, Long term disability insurance benefits from August 10, 2021 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Gary Weiss, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@disabilityjustice.com